UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

LINCOLN F. PAYNE,

      Plaintiff,

v.                                 CIVIL ACTION NO. 1:25-cv-00024-FWV-JEP

NATIONAL JEWELRY & PAWN, INC.
and THOMAS KIM a/k/a TOM KIM,

      Defendants.

## **ORDER**

Pending is Defendant National Jewelry & Pawn, Inc.'s ("NJP") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) [ECF 17], as well as a Motion to Dismiss by Defendant Thomas Kim under Rule 12(b)(6) [ECF 15], both filed on February 17, 2025.

This action was previously referred to the Honorable Joi Elizabeth Peake, United States Magistrate Judge, for submission of an Order and Recommendation ("O&R"). Magistrate Judge Peake filed her O&R on July 28, 2025. [ECF 28]. Magistrate Judge Peake recommended the Court grant without prejudice Mr. Kim's Motion to Dismiss. She further ordered, *inter alia*, Plaintiff Lincoln F. Payne to effect proper service upon Defendant NJP no later than October 27, 2025, with Mr. Payne given leave until August 27, 2025, to file an Amended Complaint clarifying the parties and the basis of his claims.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the order or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on August 14, 2025. No objections were filed.

Accordingly, the Court **ADOPTS** the O&R **[ECF 28]**, **GRANTS** Defendant Kim's Motion to Dismiss, dismissing the claims against Mr. Kim without prejudice, and **ORDERS** the parties to comply with the directives and deadlines earlier imposed by Magistrate Judge Peake. **[ECF 28]**. The case is referred anew to Magistrate Judge Peake in accordance with the original referral.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: August 26, 2025

Frank W. Volk
Chief United States District Judge