UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LINCOLN F. PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25CV24 |
| | ) | |
| NATIONAL JEWELRY & PAWN, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss [Doc. #32] filed by Defendant

Thomas Kim. This case involves employment discrimination claims asserted by Plaintiff

against his former employers, National Jewelry & Pawn, Inc. and First Cash, Inc., and against

Mr. Kim as his manager.

In the original Complaint, Plaintiff asserted claims against Mr. Kim for Negligent

Infliction of Emotional Distress ("NIED") and Intentional Infliction of Emotional Distress

("IIED"). By Recommendation entered on July 28, 2025, the undersigned recommended that

the claims against Mr. Kim be dismissed. That Order also allowed Plaintiff the opportunity

to file an Amended Complaint clarifying the claims between National Jewelry & Pawn, Inc.

and First Cash, Inc. Plaintiff filed an Amended Complaint as allowed, and again included a

claim against Mr. Kim for Intentional Infliction of Emotional Distress. The allegations against

Mr. Kim in the Amended Complaint are the same as the allegations in the original Complaint

that were addressed in the Recommendation. Mr. Kim then filed the present Motion to Dismiss, to which Plaintiff did not respond. The District Judge then considered the matter and adopted the Recommendation dismissing the claims against Mr. Kim as alleged in the original Complaint.

To the extent Plaintiff re-asserts those claims, they are subject to dismissal for the same reasons set out in the prior Recommendation that was adopted without objection. Specifically, as further set out in the prior Recommendation, to state a claim for IIED, a plaintiff must show "'1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress.'" Sheaffer v. Cnty. of Chatham, 337 F. Supp. 2d 709, 732 (M.D.N.C. 2004) (quoting Waddle v. Sparks, 331 N.C. 73, 82 (1992)). "Conduct is extreme and outrageous only when it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Sheaffer, 337 F. Supp. 2d at 732 (quoting Hogan v. Forsyth Cnty. Country Club Co., 79 N.C. App. 483, 493 (1986)). Liability for IIED "clearly does not extend to mere insults, indignities, [and] threats." Wagoner v. Elkin City Schs. Bd. of Educ., 113 N.C. App. 579, 586 (1994) (citation omitted). "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress." Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 634-35 (M.D.N.C. 2000); Sheaffer, 337 F. Supp. 2d at 732; Jackson v. Blue Dolphin Commc'ns of N.C., LLC, 226 F. Supp. 2d 785, 794 (W.D.N.C. 2002) ("North Carolina courts have been particularly hesitant in finding intentional infliction of emotional distress claims actionable within an employment claim."); Soto v. Town of Rolesville, 729 F.

2

Supp. 3d 533, 550-51 (E.D.N.C. 2024) (collecting cases). Whether alleged conduct is sufficiently serious to state a claim for intentional infliction of emotional distress is a question of law. Thomas, 157 F. Supp. 2d at 635.

In this case, Plaintiff has not alleged conduct by Mr. Kim that was extreme and outrageous under this standard. Here, as set out in the prior Recommendation, Plaintiff alleges that Mr. Kim refused to train and supervise African American employees; took steps to jeopardize the profitability and success of Plaintiff and his store; favored white employees; and retaliated against Plaintiff when he reported his concerns to management. This behavior, while disrespectful and distasteful if true, does not "go beyond all possible bounds of decency" so as to be "regarded as atrocious" or "utterly intolerable." See Sheaffer, 337 F. Supp. 2d at 732; Thomas, 157 F. Supp. 2d at 635 (finding that African American plaintiff's allegations that defendant (1) gave her an excessive workload compared to her co-workers; (2) required that she receive supervisor permission to attend physical therapy while allowing white employees to attend therapy whenever they wanted; (3) failed to complete paperwork on time causing plaintiff to lose her disability payments; (4) created a hostile work environment; and (5) discharged her in retaliation for exercising her rights under Title VII to be "deplorable if committed" but not "extreme and outrageous" under North Carolina law); Pardasani v. Rack Room Shoes, Inc., 912 F. Supp. 187, 192 (M.D.N.C. 1996) ("Plaintiff has alleged that he was given poor performance evaluations, not given promotions which were given to others, excluded from training and finally terminated from his employment. Assuming these allegation[s] to be true, these actions do not rise to the level sufficient to exceed all bounds usually tolerated by decent society."); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d

3

533, 545 (W.D.N.C. 2008) (finding plaintiff's allegations that defendant refused plaintiff's requests for additional training, failed to place her on a mentoring status, retaliated against her for complaining against alleged race discrimination, and terminated her employment due to her age, race, and sex did not amount to extreme or outrageous conduct as a matter of law); Jackson, 226 F. Supp. 2d at 794 (making racially discriminatory statements and terminating employee in violation of federal law may be "intemperate" but does not rise to the level of extreme and outrageous conduct); Hogan, 79 N.C. App. at 493 (finding that coworker's conduct was not extreme or outrageous where supervisor screamed and shouted at plaintiff, called plaintiff names, interfered with her work, and threw a menu at her).

In sum, none of the conduct Plaintiff alleges amounts to extreme and outrageous conduct as a matter of law. "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress," under North Carolina law, Thomas, 157 F. Supp. 2d at 635, and Plaintiff's allegations do not establish this as one of those rare cases. As noted above, the allegations in the Amended Complaint against Mr. Kim are the same as the allegations in the original Complaint that were already dismissed based on this same analysis. The Court therefore finds that Plaintiff has failed as a matter of law to allege misconduct by Defendant Kim sufficient to sustain a claim for intentional infliction of emotional distress. As a result, Defendant Kim's Motion to Dismiss should be granted, and all of the claims against Defendant Kim should be dismissed.

The Court notes that Defendant First Cash, Inc. has filed an Answer, so the case is ready to set for Initial Pretrial Conference to set a schedule for discovery. Therefore, the case

4

will be set will be set for Initial Pretrial Conference on April 23, 2026 at 9:30 a.m., to allow time for the Parties to confer and file Joint or Individual Rule 26(f) Reports, as provided in Local Rules 26.1 and 16.1.

Finally, the Court notes that Defendant National Jewelry & Pawn, Inc. has also filed a Motion to Dismiss, which will be considered separately. However, the Court will not further delay the setting of the Initial Pretrial Conference while that Motion to Dismiss is pending. If necessary, the Court can consider the Motion to Dismiss at the hearing on April 23.

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss by Defendant Kim [Doc. #32] be GRANTED for the reasons set out in the prior Recommendation.

IT IS ORDERED that this case will be set for Initial Pretrial Conference on April 23, 2026 at 9:30 a.m.

This, the 18th day of February, 2026.

Joi Elizabeth Peake
United States Magistrate Judge

5